IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § § | Cr. No. C-97-61 (01) |
| MICHAEL EUGENE KANE. | § | |

## ORDER DENYING LETTER MOTION

On April 17, 2009, the Clerk received from Defendant Michael Eugene Kane ("Kane") a letter motion that has been docketed in the case at the Court's direction. (D.E. 61.) In it, he requests that the Court begin "disposition of the supervised release detainer" that is pending against him before this Court. (D.E. 61 at 1-2.) He explains his reason for the request as follows:

> The detainer is hindering my rehabilitation in several ways. it limits my trustee custody level, which keeps me in a maximum security prison. It also keeps me from going to college courses and college vocational courses. All of which the parole board takes into consideration when they make their decision on whether or not to grant parole.

(D.E. 61 at 1.) For the reasons set forth herein, Kane's motion is DENIED.

## I. BACKGROUND

After pleading guilty to the charge of conspiracy to commit bank robbery, Kane was sentenced by this Court on June 24, 1997. (D.E. 12, 13, 31.) Judgment was entered against him on June 27, 1997. He did not appeal.

On March 30, 2004, the Court found that Kane had violated the terms of his supervised release. The Court sentenced him to time served and a term of supervised release of 34 months and 26 days. (D.E. 54.) The Court also ordered that he should be placed in Bonita Street House of Hope

up to 120 days and recommended mental health care counseling and psychiatric treatment. (D.E. 54, 56.) Judgment for revocation was entered April 2, 2004. (D.E. 56.) Again, Kane did not appeal.

On October 31, 2005, the U.S. Probation Office filed a petition for a warrant or summons for Kane. (D.E. 58). A superseding petition was filed on October 14, 2006 and remains pending. (D.E. 60.) The petition seeks a revocation of Kane's supervised release in this case because of various violations of his terms of supervised release. These included his convictions in Nueces County, Texas for robbery and evading arrest, which occurred on or about October 6, 2005. He was sentenced to fifteen years state custody for robbery and to two years state jail for evading arrest. He was also convicted of two separate cases of burglary of a habitation. For each of those convictions, he was sentenced to fifteen years of state custody. (See D.E. 60.)

Kane is currently serving his state term of imprisonment with the Texas Department of Corrections as a result of the above-described convictions. According to the superseding petitions for revocation, his projected release date from state custody is October 5, 2020. (D.E. 60 at 1.)

In response to the initial petition filed by the U.S. Probation Office, the Court issued a warrant for Kane on October 31, 2005. Thus, a detainer is lodged against him and his warrant should be executed upon completion of his Texas sentence.

## II. ANALYSIS

Kane's letter motion does not cite to any authority in support of his request that the Court should begin his revocation proceedings at his request. Notably, until execution of the warrant, Kane has no right to a revocation hearing. United States v. Tippens, 39 F.3d 88, 90 (5th Cir. 1994) (discussing Moody v. Daggett, 429 U.S. 78 (1976), which held that even when a parolee's warrant "has remained outstanding for more than ten years, no right to a revocation hearing accrues until the

2

warrant has been executed and the parolee taken into custody").

The <u>Tippens</u> court recognized, however, that a defendant's due process rights may be violated by a delay in the execution of a warrant "if the delay undermines [defendant's] ability to contest the issue of the violation of to proffer mitigating evidence." 39 F.2d at 89-90. Kane has not made any allegation of prejudice to him in contesting the alleged violations of his supervised release, however. Thus, Kane has not even alleged, let alone, shown any violation of his due process rights.

Kane complains, however, that the existence of the detainer is resulting in restrictions placed upon him while in state custody, thereby impeding his rehabilitation. Although this may be true, this does not give rise to a due process violation. <u>See</u> <u>Moody</u>, 429 U.S. at 87-88 & n. 9 (fact that a pending detainer adversely affects a defendant's prison classification and qualification for institutional programs did not give rise to any "legitimate statutory or constitutional entitlement sufficient to invoke due process").

Although the Fifth Circuit does not appear to have addressed it directly, other courts addressing whether such a delay violates a defendant's statutory right under 18 U.S.C. § 3583(i) have concluded that, if the defendant is incarcerated on state charges, then the period of delay between the expiration of a supervised release term and the execution of a violator's warrant does not violate § 3583(i). <u>See, e.g.,</u> <u>United States v. Garrett</u>, 253 F.3d 443, 449-450 (9th Cir. 2001) (explaining that a contrary interpretation would be "tantamount to holding that the federal government is statutorily required to writ a defendant out of state custody and bring him before the federal district court for his revocation hearing, a duty that neither the statute nor "any court" has imposed). <u>Cf.</u> <u>United States v. Ramos</u>, 401 F.3d 111 (2d Cir. 2005) (holding that §3583(i) was not violated by a delay in the execution of defendant's violator's warrant for some of the time the

defendant was incarcerated on state charges and also noting that the defendant had shown "no specific prejudice arising out of the passage of time between his state conviction and the execution of the arrest warrant"). Likewise, Kane has not alleged or shown any violation of § 3583(i). For all of these reasons, Kane's motion is DENIED.

### III. CONCLUSION

For the foregoing reasons, Kane's letter motion requesting that his revocation proceedings begin now (D.E. 61) is DENIED.

It is so ORDERED this 20th day of April, 2009.

_____
Janis Graham Jack
United States District Judge