IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Cr. No. C-97-61 (01) |
| | § | |
| MICHAEL EUGENE KANE. | § | |

## ORDER DENYING LETTER MOTION

By Order signed and entered on April 20, 2009, the Court denied a letter motion from Defendant Michael Eugene Kane ("Kane") that requested the Court to begin "disposition of the supervised release detainer" pending against Kane. (See D.E. 62, denying D.E .61.)  As noted in that Order, a superseding petition for revocation of Kane's supervised release term in the instant criminal case has been issued and remains pending. (D.E. 60.)  While a detainer is lodged against Kane, who is currently in state custody, the warrant for Kane has not yet been executed. (See generally D.E. 62 (discussing factual background of case).)

As discussed in the Court's Order, until the warrant is executed, Kane has no right to a revocation hearing.  See D.E. 62 at 2-3 (citing United States v. Tippens, 39 F.3d 88, 90 (5th Cir. 1994) and Moody v. Daggett, 429 U.S. 78 (1976), which held that even when a parolee's warrant "has remained outstanding for more than ten years, no right to a revocation hearing accrues until the warrant has been executed and the parolee taken into custody").)   This Court also referenced, however, the portion of the Tippens decision recognizing that a defendant's due process rights may be violated by a delay in the execution of a warrant "if the delay undermines [defendant's] ability to contest the issue of the violation or to proffer mitigating evidence." 39 F.2d at 89-90.  In his first motion, Kane had not made any allegation of prejudice to him by the delay in executing his warrant.

1

Since receiving that Order, Kane filed the letter addressed herein (D.E. 63.) He cites to a number of cases and further argues that his due process rights are being violated by the delay in the execution of the detainer.[1] Kane explains that he has been prejudiced by the delay because, in the intervening years since the warrant was issued, his step-father, Michael Weiner, died. According to Kane, Weiner would have been available to testify as to Kane's mental state and to explain how Kane's psychological condition and improper medication gave rise to the Kane's actions shortly before the "episode" that led to his current incarceration and the pending revocation proceedings. (D.E. 63 at 2-3.)

Whether or not Kane has been prejudiced by any delay in the execution of the warrant against him is an issue that can be addressed at the time that his revocation proceedings occur. As noted by the Court in Moody, the prospect of future incarceration for the defendant's violation of his supervised release term was "speculative," particularly because the parole commission had the power retroactively to grant the equivalent of concurrent sentences and to provide unconditional release upon completion of the sentences. Moody, 429 U.S. at 87-88. Similarly, in the instant case, the Court might determine at Kane's revocation proceedings that he should not serve a term of imprisonment as a result of the delay, or could determine at that time that the delay has prejudiced Kane to a degree that it would violate his due process rights to impose a sentence of revocation. Until that time, however, such a finding would be premature.

---

[1] In his latest filing, Kane also argues that the delay in execution of his warrant violates Article III of the Interstate Agreement on Detainers ("IAD"). The Supreme Court has squarely held, however, that Article III of the IAD, which gives a prisoner incarcerated in one state the right to demand speedy disposition of "any untried indictment, information or complaint" that is the basis of a detainer lodged against him by another state, does not apply to detainers based on probation-violation charges. Carchman v. Nash, 473 U.S. 716, 725 (1985). The Carchman court's reasoning would apply with equal force to revocation proceedings, which are comparable to probation-violation charges. Thus, the IAD does not require dismissal of the revocation petition or execution of the detainer lodged against Kane.

For the foregoing reasons, and for the reasons set forth in the Court's prior order, Kane's latest letter motion (D.E. 63) is DENIED.

### III.  CONCLUSION

For the foregoing reasons, Kane's letter motion for "final disposition" of his supervised release detainer (D.E. 63) is DENIED.

It is so ORDERED this 25th day of June, 2009.

_____
Janis Graham Jack
United States District Judge